AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

ORIGINAL

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ARNOLD GERALD LETO III | DOCKET NO.<br>M 16 0088<br>MAGISTRATE'S CASE NO.<br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>APR 2 6 2016<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

Complaint for violation of Title 49, United States Code, Section 46317(a)(1) (serving as airman operating an aircraft in air transportation without an airman's certificate)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE ROZELLA A. OLIVER | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>April 8, 2016 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[49 U.S.C. § 46317(a)(1)]

On or about April 8, 2016, in the County of Los Angeles, within the Central District of California, and elsewhere, defendant ARNOLD GERALD LETO III knowingly and willfully served and attempted to serve as an airman, operating an aircraft in air transportation, without an airman's certificate authorizing him to serve in that capacity, specifically, by piloting a Falcon 10 turbojet aircraft from Van Nuys Airport to Las Vegas, Nevada.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>LOUIS BURRELL     *Louis Burrell* |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, Office of Inspector General, U.S. Dept. of Transportation |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br>April 26, 2016 |
|---|---|

(1) See Federal Rules of Criminal Procedure 3 and 54

AUSA Dennis Mitchell, x2484    REC: detention

## AFFIDAVIT

I, Louis Burrell, being duly sworn, declare and state as follows:

### I. INTRODUCTION

1. I am a Special Agent ("SA") with the United States Department of Transportation, Office of Inspector General ("DOT-OIG"), and am assigned to the Cerritos office of DOT-OIG. I have been employed as a Special Agent for DOT-OIG since 2010. During my employment with DOT-OIG, I have conducted and participated in numerous investigations pertaining to violations of federal transportation laws.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an arrest warrant and criminal complaint charging that on or about April 8, 2016, in Los Angeles County, ARNOLD GERALD LETO III ("LETO") knowingly and willfully served and attempted to serve as an airman, operating an aircraft in air transportation, without an airman's certificate authorizing him to serve in that capacity, in violation of Title 49, United States Code, Section 46317(a)(1).

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, my review of FAA documents, including one or more FAA reports, information obtained from witness interviews, and/or information obtained from law enforcement personnel. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this

matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. APPLICABLE LAW

4. Federal law provides criminal sanctions for any person who "knowingly and willfully serves or attempts to serve in any capacity as an airman operating an aircraft in air transportation without an airman's certificate authorizing the individual to serve in that capacity." See 49 U.S.C. § 46317.

5. For purposes of 49 U.S.C. § 46317, an "airman" is defined as an individual in command, or as pilot, mechanic, or member of the crew, who navigates aircraft when under way. See 49 U.S.C. § 40102(a)(8).

### IV. STATEMENT OF PROBABLE CAUSE

6. According to a Federal Aviation Administration ("FAA") Memorandum dated April 15, 2016, on January 12, 2016, the FAA issued LETO an Emergency Order of Revocation ("EOR") for all pilot certificates, thereby revoking LETO's pilot's license. The FAA Memorandum further indicates that:

    a. LETO had been observed operating a Falcon 10 aircraft, registration number N720DF, as the sole pilot;

    b. The Falcon 10 is a complex turbojet aircraft that requires two pilots to operate;

    c. LETO has never been issued a type rating authorizing him to fly this type of aircraft; and

      d.  Despite the FAA's EOR, LETO has not surrendered his pilot certificate to the FAA, and LETO has not contacted the FAA since the EOR was issued.

      7.  I have reviewed a statement given to the FAA by a Line Service Technician at the Van Nuys Airport. In his written statement, which is dated April 11, 2016 the Line Service Technician indicates the following:

      a.  On April 8, 2016, Langlois observed a twin engine Falcon 10 arrive bearing tail number 720DF;[1]

      b.  The aircraft was marshaled into spot number one, and while the Line Service Technician chocked the aircraft, he noticed that the aircraft was empty, and that there was only one pilot;

      c.  The Line Service Technician recognized the pilot as the same pilot who flew an aircraft bearing tail number 670JD on his last visit to Van Nuys Airport;

      d.  After seeing a photograph of LETO that had been provided by another individual, the Line Service Technician was able to identify LETO as the pilot flying the aircraft bearing tail number 720DF on the evening of April 8, 2016;

---

[1] On April 26, 2016, DOT-OIG Special Agent-in-Charge William Swallow indicated by phone that he had spoken with the Line Service Technician on that date, and that the Line Service Technician confirmed that the tail number of the aircraft piloted by LETO began with an "N," and that the event he observed occurred at Van Nuys Airport.

  e. LETO's outbound passengers were waiting in the lobby when LETO arrived;

  f. LETO did not request any services and quickly gathered his passengers and loaded their luggage;

  g. As the Line Service Technician observed the seven or eight passengers board the aircraft, he did not see an additional pilot;

  h. LETO was the last person to board the aircraft, and the Line Service Technician also observed that LETO was not wearing any type of traditional pilot's uniform;

  i. LETO then started the engines and quickly departed at roughly 10:10 p.m., and was headed to Las Vegas "as usual;"

  j. As LETO departed, the Line Service Technician positioned himself on the East side of a Beechjet aircraft bearing number N610EG, which was parked in spot number two, and the Line Service Technician was able to see that LETO was the only person in the cockpit of the aircraft; and

  k. There was no flight plan either inbound or outbound for this flight.

  8. I have reviewed the EOR issued to LETO on January 12, 2016, and it indicates:

a. That LETO holds[2] Airline Transport Pilot Certificate No. 2636366[3], and Flight Instructor Certificate No. 2636366;

b. That at all times relevant therein, LETO was the President and agent for service for Aviation Financial Services, Inc., a California corporation that does not hold any operating certificates issued by the FAA pursuant to Title 14, Code of Federal Regulations ("CFR"), part 119;

c. That the civil aircraft bearing number N670JD is a Cessna Model S550, which is a turbojet-powered multiengine airplane;

d. The FAA type certificate for the Cessna Model S550 requires, as a minimum crew, a pilot and co-pilot[4];

---

[2] According to FAA records, LETO's Airman's Certificate (Number 2636366) shows that LETO has a Type Rating for the CE-500 aircraft. There is no indication that he has ever obtained a type rating for the Cessna S550 or the Falcon 10 types of aircraft.

[3] Title 14, Code of Federal Regulations, Section 61.5(b) states, in pertinent part, that "The following ratings are placed on a pilot certificate (other than a student pilot) when an applicant satisfactorily accomplishes the training and certification requirements for the rating sought:
. . .
(7) Aircraft type ratings-
. . .
(ii) Turbojet-powered airplanes."

[4] Title 14, Code of Federal Regulations, Section 91.531(a)(1) and (2) state that "Except as provided in paragraph (b) and (d) of this section, no person may operate the following airplanes without a pilot who is designated as second in command of that airplane:
(1) A large airplane, except that a person may operate an airplane certificated under SFAR 41 without a pilot who is designated as second in command if that airplane is certificated for operation with one pilot.
(2) A turbojet-powered multiengine airplane for which two

(footnote cont'd on next page)


e. On March 11, 2015, an FAA designated pilot examiner ("DPE") administered to LETO a Cessna "CE-500" type rating check ride;

f. LETO asked the DPE what it would take to operate a Cessna Model S550 as a single pilot, and the DPE told LETO that there were only two ways for a pilot in command to operate as a single pilot: (1) the FAA certificates the aircraft to be flown with a single pilot; or (2) the FAA issues a single pilot exemption for operation of the aircraft, and the pilot in command completes an FAA-approved single pilot course for the aircraft series.

g. The DPE also told LETO that an appropriately rated second in command pilot is required to operate the aircraft with number N670JD, which is a Cessna Model S550.

h. LETO knew that he had not completed an FAA-approved single pilot course to operate under the terms of any single pilot exemption;

i. LETO served as a corporate officer and as the chief pilot, which is a management official required under Title 14, CFR, Part 119, for JetSet Aviation, LLC, doing business as "Hybrid Air," an air carrier operating under Title 14, CFR, Part 135;

---

pilots are required under the type of certification requirements for that airplane."

   j. The FAA revoked JetSet[5] Aviation's part 119 certificate in 2013;

   k. LETO also owned and operated another company that previously held a part 119 certificate to conduct operations under part 135;

   l. LETO operated, as pilot in command, the aircraft with tail number N670JD, as follows: (1) on or about January 30, 2015, from Santa Monica, California to Phoenix, Arizona, (2) on or about April 9, 2015, on more than one flight, between Burbank, California and Bermuda Dunes, California, and (3) on or about April 14, 2015, from Santa Monica Airport to Bentonville, Arkansas (Northwest Arkansas Regional Airport) arriving on April 15;

   m. On each of the flights described in paragraph 8(l), above, LETO was the only pilot on board, and LETO carried one or more passengers;

   n. Aviation Financial Services was paid for each of the flights described in paragraph 8(l); however, when LETO operated the flights described in paragraph 8(l), he did not hold an air carrier or commercial operator certificate[6];

   o. At the time of LETO's service as pilot-in-command of the flights described in paragraph 8(l) above: (1) LETO had not, since the beginning of the 12th calendar month before that

---

[5] It is not clear if the name of this entity is "JetSet Aviation, LLC" or "Jet Set Aviation, LLC."

[6] Title 14, Code of Federal Regulations, Section 119.5(g) states in pertinent part, "No person may operate as a ... commercial operator without, or in violation of, an appropriate certificate and operations specifications."

service, passed a written or oral test, given by the Administrator or an authorized check pilot on LETO's knowledge on the listed areas[7]; (2) LETO had not passed an instrument proficiency check since the beginning of the sixth calendar month before that service[8]; and (3) LETO had not passed a flight check in one of the types of aircraft which LETO was to fly[9];

    p.  On or about August 1, 2015, LETO acted as pilot in command of the aircraft with number N670JD on an instrument flight rules ("IFR") flight plan, on a flight with a destination to Las Vegas, Nevada; and

---

[7] Title 14, Code of Federal Regulations, Section 135.293(a) states that "No certificate holder may use a pilot, nor may any person serve as a pilot, unless, since the beginning of the 12th calendar month before that service, that pilot has passed a written or oral test, given by the Administrator or an authorized check pilot, on that pilot's knowledge in the following areas: . . . ." This subsection then lists several areas, including, but not limited to, the aircraft powerplant, major components and systems, major appliances, performance and operating limitations, and standard and emergency operating procedures for each type of aircraft to be flown by that pilot.

[8] Title 14, Code of Federal Regulations, Section 135.297(a) states, "No certificate holder may use a pilot, nor may any person serve, as a pilot in command of an aircraft under IFR unless, since the beginning of the 6th calendar month before that service, that pilot has passed an instrument proficiency check under this section administered by the Administrator or an authorized check pilot."

[9] Title 14, Code of Federal Regulations, Section 135.299(a) states, "No certificate holder may use a pilot, nor may any person serve, as a pilot in command of a flight unless, since the beginning of the 12th calendar month before that service, that pilot has passed a flight check in one of the types of aircraft which that pilot is to fly. The flight check shall – (1) Be given by an approved check pilot or by the Administrator; (2) Consist of at least one flight over one route segment; and (3) include takeoffs and landings at one or more representative airports. In addition to the requires of this paragraph, for a pilot authorized to conduct IFR operations, at least one flight shall be flown over a civil airway, an approved off-airway route, or a portion of either of them."

q. On the August 1, 2015 flight, LETO identified the aircrafts as "N678JD" when filing the initial flight plan, and during each subsequent radio communication with Air Traffic Control.

9. The FAA's EOR contains the following order, stating, "Effective immediately, your Airline Transport Pilot Certificate No. 2636366 and Flight Instructor Certificate No. 2636366 are hereby revoked...." The EOR further states orders that LETO is to surrender his certificates immediately by mail to a particular FAA address in Los Angeles, and that no application for a new airman certificate pilot or flight instructor certificate shall be accepted from LETO for a period of one year from the date of service of the EOR.

10. The FAA EOR issued to LETO also contains a Certificate of Service that states that it was sent by "Fedex-Overnight Mail, Certified Mail-Return Receipt Requested, and First Class Mail to the following: MR. ARNOLD GERALD LETO 15 Fairdawn Irvine, CA 92614."

a. I have reviewed a copy of a Postal Service Domestic Return Receipt, which I am informed pertains to the receipt of the EOR issued to LETO. Under the "received by" entry on the receipt, the name "Alicia Montalvan" appears.

11. On April 26, 2016, DOT-OIG Special Agent-in-Charge William Swallow informed me and others by phone that he had spoken with LETO at the residence at 15 Fairdawn address in Irvine, California. SA Swallow indicated that LETO indicated that he was aware that his license had been revoked but claimed

9

that he was not aware of that fact until two weeks ago. SA Swallow also stated that LETO stated that he had not flown any aircraft for months.

12. On April 26, 2016, DOT-OIG SA Ashley Strickland and I spoke by telephone with Robert Spitzer ("Spitzer"), who is the attorney for the FAA's National Enforcement Program Western Team and the author of the FAA's EOR issued to LETO. During that conversation, Spitzer indicated that with regard to the Falcon 10 aircraft and the Cessna S550 aircraft, LETO's airman's certificate did not permit LETO to lawfully pilot either of those aircraft.

## V. CONCLUSION

13. Based on the foregoing facts, I believe there is probable cause to issue an arrest warrant and criminal complaint charging ARNOLD GERALD LETO III with serving as an airman operating an aircraft in air transportation without an airman's
///

certificate on or about April 8, 2016, in violation of Title 49, United States Code, Section 46317(a)(1).

*Louis Burrell*
Louis Burrell, Special Agent,
United States Department of
Transportation, Office of
Inspector General

Subscribed to and sworn before me this 26 day of April, 2016.

*R. A. Ol.*
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

11